Todd Blanche
Acting Attorney General of the United States
Laurel J. Holland
Assistant United States Attorney
Eastern District of Washington
Post Office Box 21
Richland, WA 99352
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
JUL 08 2026
SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LEONARDO ANGEL ZAMORA,<br>Defendant. | 4:26-CR-6028-MKD<br><br>INDICTMENT<br><br>Vios: 18 U.S.C. § 2251(a), (e) Production and Attempted Production of Child Pornography (Count 1)<br><br>18 U.S.C. § 2422(b) Attempted Online Enticement of a Minor (Count 2)<br><br>18 U.S.C. § 2253, 18 U.S.C. § 2428 Forfeiture Allegations |

The Grand Jury charges:

COUNT 1

Between on or about March 1, 2023, and on or about September 28, 2023, in the Eastern District of Washington and elsewhere, the Defendant, LEONARDO ANGEL ZAMORA, did knowingly employ, use, persuade, induce, entice, and

coerce, and did knowingly attempt to employ, use, persuade, induce, entice, and coerce, an individual who had not attained the age of 18 years, namely Minor 1, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 2

Between on or about March 1, 2023, and on or about September 28, 2023, in the Eastern District of Washington and elsewhere, the Defendant, LEONARDO ANGEL ZAMORA, did knowingly attempt to use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce Minor 1, an individual who had not attained the age of 18 years, to engage in prostitution or any sexual activity for which a person can be charged with a criminal offense, including, 18 U.S.C. § 2251(a), Production of Child Pornography, all in violation of 18 U.S.C. § 2422(b).

NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations set forth in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C. § 2251(a), (e), as alleged in Count 1 of this Indictment, the Defendant, LEONARD ANGEL ZAMORA, shall forfeit to the United States of America any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

Pursuant to 18 U.S.C. § 2428, upon conviction of an offense in violation of 18 U.S.C. § 2422, as alleged in Count 2 of this Indictment, the Defendant, LEONARDO ANGEL ZAMORA, shall forfeit to the United States of America, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds

obtained, directly or indirectly, as a result of the offense.

If any of the property described above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) or 28 U.S.C. § 2461(c).

DATED this 8 day of July, 2026.

[redacted]

Todd Blanche
Acting Attorney General

Alison L. Gregoire
Criminal Chief

Laurel J. Holland
Assistant United States Attorney